UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS WITT,<br><br>    On behalf of the Estate of Dean Witt, deceased,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 2:08-CV-02024 JAM-KJM<br><br>ORDER GRANTING MOTION TO DISMISS |

Alexis Witt ("Plaintiff") brought this action against the United States of America ("Defendant"), on behalf of the Estate of Dean Witt, her deceased husband, for medical negligence. Defendant filed a Motion to Dismiss for Lack of Jurisdiction. Plaintiff opposed the Motion. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.[1]

## BACKGROUND

On October 10, 2003, SSgt. Dean Witt ("Witt") was admitted to

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

1

David Grant Medical Center at Travis Air Force Base for acute appendicitis. Compl. ¶ 6.3. Plaintiff alleges that as a result of negligent post-operative care, Witt experienced a lack of oxygen that caused severe damage to his brains and other organs and left him in a permanent vegetative state. Id. ¶ 6.4. Witt was removed from life support and died on January 9, 2004. Id.

On August 28, 2008, Plaintiff brought this action against Defendant for medical negligence. Docket at 1.

## OPINION

Rule 12(b)(1) permits a Defendant to seek dismissal of an action for lack of subject-matter jurisdiction. Defendant argues that this Court lacks subject-matter jurisdiction because Defendant is immune from suit in this matter under the doctrine of sovereign immunity.

"The [Federal Tort Claims Act] waives traditional sovereign immunity for the tortious conduct of any Government employee." Persons v. United States, 925 F.2d 292, 294 (9th Cir. 1991). However, "the Supreme Court has carved out an exception for 'injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.'" Id. (quoting Feres v. United States, 340 U.S. 135, 146 (1950)).

The Ninth Circuit has repeatedly found that injury due to medical malpractice in military hospitals is "incident to service." See, e.g., Jackson v. United States, 110 F.3d 1484, 1489 (9th Cir. 1997) (hand injury); Hata v. United States, 23 F.3d 230, 235 (9th Cir. 1994) (heart attack); Estate of McAllister v. United States, 942 F.2d 1473, 1477-79 (9th Cir. 1991) (negligent supervision of mentally ill service member); Persons, 925 F.2d at 296 (suicide);

1  Atkinson v. United States, 825 F.2d 202, 206 (9th Cir. 1987) (pre-
2  natal care); Veillette v. United States, 615 F.2d 505, 507 (9th
3  Cir. 1980)(motorcycle accident).  This is true even when the
4  underlying injury did not occur during active duty.[2]  See Jackson,
5  110 F.3d 1484, 1489 (9th Cir. 1997) ("[W]e have held that Feres
6  bars suits for medical malpractice even when the treatment was not
7  for military-related injuries.").
8       Plaintiff's reliance on cases where service members sued for
9  medical malpractice based on care to dependent spouses and children
10 at military hospitals is misplaced.  When active duty service
11 members bring suit for medical malpractice based on care received
12 by their dependants, the Feres doctrine is not implicated.  The
13 simple fact that active duty service members can bring suit under
14 the FTCA in some circumstances does not mean that they can bring
15 suit when their injuries are incident to service under current
16 precedent.  See Veillette, 615 F.2d at 507 ("Although the fact that
17 civilians are admitted to the hospital indicates that Veillette was
18 not treated there solely because of his status, it does not follow
19 that Veillette's treatment there was not incident to his military
20 service.").
21      Plaintiff's reliance on the public policy rationale behind the
22 Feres doctrine is also misplaced.  Plaintiff states that the Court
23 is required to consider the public policy factors behind Feres.
24 Although in a case cited by Plaintiff, Del Rio v. United States,
25 833 F.2d 282, 288 (11th Cir. 1987), the Eleventh Circuit looked to

---

[2] Because Plaintiff received treatment in a military hospital by virtue of the fact that he was a service member, his duty status is not relevant in determining whether his injury was incident to service.  See Persons v. United States, 925 F.2d at 296; see also Veillette, 615 F.2d at 507

3

the Feres policy rationales, the Ninth Circuit has specifically "shied away from attempts to apply these policy rationales." Costo v. United States, 248 F.3d 863, 867 (9th Cir. 2001). Instead, the Ninth Circuit has outlined four factors to be considered in determining whether a suit should be barred by the Feres Doctrine:

> 1) the place where the negligent act occurred; 2) the duty status of the plaintiff when the negligent act occurred; 3) the benefits accruing to the plaintiff because of his status as a service member; and 4) the nature of the plaintiff's activities at the time the negligent act occurred.

Id. However, the purpose of applying this four factor test is to determine whether or not the service member's activity was incident to service. Because the Ninth Circuit has repeatedly stated that injury due to medical malpractice at a military hospital is incident to service, the Court need not go through each of the four factors. See Hata, 23 F.3d at 235 ("The Ninth Circuit has consistently barred as 'incident to service' claims arising out of medical care provided to service members in military hospitals.").

Finally, Plaintiff challenges the Feres Doctrine itself, arguing that it violates the equal protection clauses of Fifth and Fourteenth Amendments and the separation of powers doctrine. The Ninth Circuit has considered and rejected these arguments. See Costo v. United States, 248 F.3d 863 (9th Cir. 2001).

The alleged facts in the instant case are so egregious and the liability of the Defendant seems so clear that this Court did give serious consideration to Plaintiff's argument that this Court should allow this claim in spite of Feres. A 25 year old man who devoted his life to serving his country is dead through no fault of his own and his widow can not sue to recover for her loss. Instead,

4

1  she is limited to a fraction of the recovery she might otherwise
2  have received because of the Feres doctrine.  See United States v.
3  Johnson, 481 U.S. 681, 703 (1987) (Scalia, J. dissenting).  Several
4  noted jurists and academics have raised objection to the Feres
5  doctrine, see, e.g., Costo, 248 F.3d at 869 Ferguson, J.
6  dissenting); Johnson, 481 U.S. at 692 (Scalia, J. dissenting), and
7  its application to this case seems particularly unfair. However, as
8  wrong-headed as it may seem, this Court is duty-bound to follow
9  precedent and abide by the decisions of the Ninth Circuit and
10 Supreme Court.  The Court encourages the Ninth Circuit to consider
11 the Feres Doctrine en banc, especially in light of the inequitable
12 result of its application in this case.  See Costo, 248 F.3d at 869
13 ("[W]e join the many panels of this Court that have criticized the
14 inequitable extension of this doctrine to a range of situations
15 that seem far removed from the doctrine's original purposes."). The
16 Court further joins in Judge Ferguson's plea to the Supreme Court
17 in Costo, that now is the time to revisit the Feres doctrine.
18 Otherwise, Feres will once again have led to a result that can only
19 be characterized as unfair and irrational.

ORDER

For the reasons stated above, Defendant's Motion to Dismiss is, reluctantly, GRANTED.

IT IS SO ORDERED.

Dated: February 9, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE